

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-88,975-01

### EX PARTE JERRY SHANE MERRITT, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. CR31581-A IN THE 75TH DISTRICT COURT FROM LIBERTY COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of indecency with a child by sexual contact and sentenced to ten years' imprisonment. The Ninth Court of Appeals affirmed his conviction. *Merritt v. State*, No. 09-17-00140-CR (Tex. App.—Beaumont March 14, 2018)(not designated for publication).

Applicant contends, among other things, that his plea was involuntary and that counsel was deficient for failing to know the law and failing to advise Applicant that, if he was convicted, he was eligible for probation from a jury. Applicant also alleges that counsel failed to follow up with the

charges in Dallas County and failed to speak to the Child Protective Services Officer responsible for the case in Dallas County regarding the dropping of a count due to the lack of cooperation from the accuser. Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law in regard to Applicant's claim that his plea was involuntary. The trial court shall make findings as to whether the performance of Applicant's attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: October 10, 2018
Do not publish